IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RANDY T. DAVIS, SR., #366-577 | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. PWG-16-2867 |
| RICHARD D. DOVEY and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * * | |
| Respondents. | * | |

*****

**<u>MEMORANDUM</u>**

Randy T. Davis, a self-represented Maryland prisoner, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. ECF No. 1. He attacks his convictions from 2010 in the Circuit Court for Somerset County for robbery, handgun, theft, assault, and related gun charges. The Warden of the Maryland Correctional Institution in Hagerstown ("MCI-H")[1] and the Maryland Attorney General (collectively, "Respondents") filed a Limited Answer and offered exhibits outlining proceedings relating to Davis's criminal case. Limited Ans., ECF No. 7; State Ct. Docket, ECF No. 7-1; *Davis v. State*, No. 2548 (Md. Ct. Spec. App. Sept. 28, 2012), ECF No. 7-2; Mandate (Md. Ct. Spec. App. Dec. 31, 2015), ECF No. 7-3. Although afforded the opportunity to do so, ECF No. 3, Davis has not replied. The Court has reviewed the Petition and Limited Answer. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; *see also* 28 U.S.C. § 2254(e)(2). For the reasons set forth below, the Petition shall be denied and a certificate of appealability shall not issue.

---

[1] According to the Maryland Division of Correction website, Richard D. Dovey is no longer the MCIH Warden. *See* https://www.dpscs.state.md.us/locations/mcih.shtml. At present, Denise Gelsinger is the Acting Warden. The docket shall be amended accordingly.

## I. Factual and Procedural History

A.   State Proceedings

Davis was charged in the Circuit Court for Somerset County, tried by a jury, and convicted of armed robbery, first-degree assault, second-degree assault, armed robbery, and related offenses. State Ct. Docket; *Davis*, slip op. at 1. On December 8, 2010, Circuit Court Judge Daniel M. Long sentenced Davis to a 30-year term of incarceration. State Ct. Docket 15; *Davis*, slip op. at 1. The Court of Special Appeals of Maryland affirmed the judgment on September 28, 2012. State Ct. Docket 18; *Davis*, slip op. at 1. The mandate was issued on October 31, 2012. State Ct. Docket 18; Mandate, ECF No. 7-2, at 11. Davis did not seek further review in the Court of Appeals of Maryland. State Ct. Docket.

On December 19, 2012, Davis filed a petition for post-conviction relief in the Circuit Court for Somerset County. *Id.* at 18. He moved to withdraw the petition, and the court granted the motion on April 3, 2013. *Id.* at 19. On August 13, 2013, Davis filed a motion to correct an illegal sentence, which Judge Long denied on September 11, 2013. *Id.* at 20. Davis appealed that ruling on September 26, 2013. *Id.* On October 9, 2013, Davis filed another petition for post-conviction relief, which was stayed pending his appeal of the motion to correct an illegal sentence. *Id.* at 20–21. He then asked the court to dismiss his appeal, which the court did on July 31, 2014, *id.* at 21. The appellate court's mandate was issued on September 10, 2014. *Id.*

After the appeal of the motion to correct was dismissed, the stay was lifted as to the post-conviction proceedings. A hearing was held on July 28, 2015, and post-conviction relief was denied on August 11, 2015. *Id.* at 22–23. Davis filed an application for leave to appeal, which was dismissed as untimely by the Court of Special Appeals of Maryland on November 25, 2015.

*Id.* at 23. Davis then moved for reconsideration on December 11, 2015, and the Court of Special Appeals denied the motion and issued its mandate on December 31, 2015. *Id.*

B.  Federal Proceedings

Davis's petition, deemed filed on July 29, 2016,[2] asserts that (1) officers made several misrepresentations to obtain a search warrant application; (2) detectives took him from his vehicle without probable cause and allowed false information to be utilized in all reports; (3) officers searched his home without a warrant; (4) officials' reports and an affidavit were replete with falsehoods; (5) officials used false information in an affidavit to obtain a search warrant; (6) the State's Attorney presented false evidence and information to the court and withheld information; and (7) the State's Attorney allowed fabricated evidence to be used in court. Pet. 6–19. In their Limited Answer, Respondents assert that this Court cannot reach the merits of Davis's claims because the Petition is untimely, pursuant to 28 U.S.C. § 2244(d), and Davis has provided no basis for applying the doctrine of equitable tolling. Limited Ans. 2, 5–7.

## II. Applicable Statutory Standards

The Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted and signed into law on April 24, 1996. Prior to AEDPA, there was no time limitation on when a prisoner could file an original action for habeas corpus relief in federal court. AEDPA introduced a one-year limitations period for state prisoners filing under 28 U.S. C. § 2254. The one-year period

---

[2] Although the docket reflects a filing date of August 10, 2016, the Petition is dated July 29, 2016, Pet. 11, and shall be deemed filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (*pro se* inmate's filing is timely when, "before the deadline, he deliver[s] the [document] to prison authorities for forwarding to the District Court"); *United States v. McNeill*, 523 Fed. App'x 979, 983 (4th Cir. 2013) ("The prison mailbox rule dictates that [a *pro se* prisoner's] petition was filed when he relinquished control to the prison mailroom authorities."); *United States v. Dorsey*, 988 F. Supp. 917, 919-20 (D. Md. 1998) (finding that pro se prisoner's "motion [w]as filed when it was delivered to prison authorities for forwarding by depositing it in the prison mailbox").

that applies to habeas petitions begins to run on "the date on which the judgment became final by the conclusion of direct review" or, if no appeal is taken, upon "the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A);[3] *see also Wall v. Kholi*, 562 U.S. 545, 549 (2011). The one-year period is tolled while properly filed post-conviction or collateral review proceedings are pending, and it may otherwise be equitably tolled. *See* 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000).

### III. Discussion

Here, the limitations period began to run on November 15, 2012, the date when Davis's criminal judgment became final.[4] Between November 15, 2012, and July 29, 2016, when Davis filed this federal Petition, more than 365 days (one year) passed during which there were no

---

[3] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[4] As Davis did not file a writ of certiorari seeking review in the Court of Appeal of Maryland, his convictions became final 15 days after the October 31, 2012 issuance of the Court of Special Appeals' mandate. *See* Md. Rule 8-302.

proceedings pending in state court that would serve to toll the limitations period of 28 U.S.C. § 2244(d).[5] Davis does not present any grounds to support an argument that the limitations period should be statutorily tolled in his favor.

To be entitled to equitable tolling of the limitations period, Davis must establish that either some wrongful conduct by the State contributed to the delay in filing his federal habeas corpus petition, or that circumstances beyond his control caused the delay. *See Harris v. Hutchinson*, 209 F. 3d 325, 330 (4th Cir. 2000); *see also Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). "[A]ny resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse*, 339 F.3d at 246 (quoting *Harris*, 209 F. 3d at 330); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (recognizing that equitable tolling requires a showing that the petitioner "has been pursuing his rights diligently, and . . . that some extraordinary circumstance stood in his way"); *Holland v. Florida*, 560 U.S. 631, 648 (2010) (quoting *Holland*).

Accordingly, the petition should be dismissed on statute-of-limitations grounds. The filing was untimely, and Davis has not presented facts sufficient to support equitable tolling of the limitations period. *See Harris*, 209 F.3d at 330 (noting petitioner has burden of showing equitable tolling). Because the statute of limitations bars Davis's § 2254 petition, I will not address the merits of his claims.

---

[5] The fifteen-month time period reflects the dates of November 15, 2012 to December 18, 2012, April 4, 2013 to August 12, 2013, and September 11, 2015 to July 29, 2016, when neither of Davis' collateral review proceedings were pending in state court.

## IV. Certificate of Appealability

When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a petitioner satisfies this standard by demonstrating "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Davis does not satisfy this standard. Therefore, the Court declines to issue a certificate of appealability.[6]

## V. Conclusion

The Petition for habeas corpus relief will be denied. An Order follows.

Date: January ___, 2017

_____
Paul W. Grimm
United States District Judge

---

[6] Denial of a certificate of appealability in the district court does not preclude Davis from requesting a certificate of appealability from the United States Court of Appeals for the Fourth Circuit.