UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0670
(301) 344-3910 FAX

May 8, 2017

RE: *Davis v. Dovey*
　　PWG-16-2867

### **LETTER ORDER**

　　On January 18, 2017, I dismissed Randy Davis's Petition for Writ of Habeas Corpus on statute of limitations grounds, reasoning that "[t]he filing was untimely, and David ha[d] not presented facts sufficient to support equitable tolling of the limitations period." Mem. 5, ECF No. 8; Order, ECF No. 9. Notably, I had ordered Respondents to answer the Petition and directed Davis to file any reply within thirty days after service of their answer, ECF No. 3; Respondents filed their answer on October 27, 2016, arguing that the statute of limitations barred the Petition, ECF No. 7; and as of January 18, 2017, when I issued my Memorandum and Order, Davis had not filed a reply.

　　He promptly appealed the Order, ECF No. 10, and filed a letter with this Court on February 7, 2017, ten days later, ECF No. 13, which I stated that I would not address while the appeal was pending, ECF No. 14. I have received notice that the Court of Appeals has denied a certificate of appealability and dismissed the appeal. ECF No. 15. I now will consider Davis's correspondence from February 7, 2017.

　　Davis contends that he has "done everything to exercise due diligence in preserving [his] legal rights," while "wrongful conduct by the State contributed … to the delay in getting a hearing for this Federal habeas corpus petition," and on this basis he now argues for equitable tolling. Pet'r's Mot. 1, 3. He asserts that, in a civil rights action and a previous habeas petition that he filed in this Court, Case Nos. RWT-11-944 and PWG-16-1347, he was directed to exhaust his post-conviction remedies in State court before seeking relief in this Court, but then once he exhausted those remedies, he filed this Petition, only to learn that the time for doing so had passed. *Id.* at 2.

　　His correspondence, filed within twenty-eight days of the order denying the Petition for Writ of Habeas Corpus, appears to be a Rule 59(e) motion to alter or amend a judgment.[1] *See*

---

[1] Indeed, insofar as the correspondence is a motion for reconsideration under Rule 59(e), Davis's appeal did not divest this Court of jurisdiction to consider the motion. Rather, if a party files a timely Rule 59 motion, as he did, "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." Fed. R. App. P. 4(a)(4)(A). And, "[i]f a party files a notice of appeal after the court announces or enters a judgment--but before it disposes of any motion listed in Rule 4(a)(4)(A)," then "the notice [of appeal] becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(B)(i). The result is the same regardless of

Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of So. Pines*, 532 F.3d 269, 277–80 (4th Cir. 2008); *Knott v. Wedgwood*, No. DKC-13-2486, 2014 WL 4660811, at *2 (D. Md. Sept. 11, 2014) (stating that a motion to alter or amend judgment that "call[s] into question the correctness of that order" and is filed within twenty-eight days of the judgment is analyzed under Rule 59(e)). "A Rule 59(e) motion may only be granted in three situations: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc*., 674 F.3d 369, 378 (4th Cir. 2012) (citation omitted); *Melendez v. Sebelius*, --- F. App'x ----, 2015 WL 2343797, at *2 (4th Cir. 2015) (same). Rule 59(e) provides a district court with discretion to grant a motion to amend a judgment "only in very narrow circumstances." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002).

Davis does not identify any changes in controlling law, new evidence, or error of law. Moreover, it is not unjust to deny a motion for reconsideration that simply makes an argument that could have been, but was not, presented earlier, when the petitioner had the opportunity to respond to Respondents' statute of limitations argument. And, in any event, Davis has not shown how the State's actions prevented him from timely filing his federal habeas petition, especially considering that the statute of limitations was tolled while his state court petitions for post-conviction relief or collateral review were pending, *see* 28 U.S.C. § 2244(d)(2). Accordingly, the Rule 59(e) motion IS DENIED.

Although informal, this is an Order of the Court and shall be docketed as such.

Sincerely,

/S/

Paul W. Grimm
United States District Judge

lyb

---

the sequence of the notice of appeal and the Rule 59 motion, provided that the motion is timely. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 61 (1982). In *Griggs*, the Supreme Court noted that "[i]n 1979, the Rules were amended to clarify both the litigants' timetable and the courts' respective jurisdictions." *Id*. at 59. The Supreme Court observed that, when a party files a Rule 59 motion after noting an appeal, "[t]he appeal simply self-destructs." *Id.* at 61 (quoting 9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice* ¶ 204.12 [1], at 4–65 n.17 (2d ed. 1982)).